charlie joe tinker long



 NO. 12-01-00057-CR





IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


RONNIE LYNN ENGLAND,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW #2


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

 Ronnie Lynn England ("Appellant") appeals his conviction for driving while intoxicated. 
After a hearing on a Motion to Suppress and Exclude Audio Portion of Videotape, Appellant entered
a plea of guilty pursuant to a plea agreement placing him on probation. Appellant raises one issue
on appeal contending the trial court erred by not suppressing all of the videotape. We affirm.


Background


 Appellant was stopped by Whitehouse police officers for a driving violation. During the
course of the traffic stop, Appellant was arrested for driving while intoxicated. Video cameras
recorded three segments of the evening: the Whitehouse police officers' following Appellant's car,
his initial arrest and Appellant sitting in the back of the Whitehouse police vehicle; the twenty-two
minute ride in a Texas Department of Public Safety ("DPS") vehicle to the Smith County jail; and
the interaction between the DPS officers and Appellant at the jail during the reading of the statutory
warnings (1) prior to the request for a specimen to determine Appellant's body alcohol concentration
and the request for Appellant to perform sobriety tests. 

 Appellant filed a Motion to Suppress and Exclude Audio Portion of Videotape which
Appellant contends contained statements elicited from him in violation of his right against self-incrimination while in custody, as enunciated in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct.1602,
16 L. Ed. 2d 694 (1966), and its progeny. The court reviewed the videotape which contained the
three vignettes, and suppressed the first and last segments due to Appellant's assertion of his right
to remain silent and his right to be represented by an attorney. However, the trial court admitted the
second episode on the video, the recording of the transportation of Appellant from the arrest site to
the jail, holding that Appellant had waived his right to remain silent. Thereafter, Appellant entered
a plea of guilty and accepted a plea offer from the state, while retaining his right to appeal the issue
raised in a pretrial hearing. (2) 


Suppression of Audiotaped Statements

 In his sole issue, Appellant contends the trial court erred in not suppressing the audio portion
of the videotape made during his transportation to jail. Appellant contends that statements were a
product of custodial interrogation conducted after he had invoked his right to counsel. The 
statements at issue were made after the initial stop and arrest. The trial court held that Appellant had
invoked his right to an attorney during the initial confrontation. Therefore, the State had the burden
to demonstrate that any statement made after this invocation of his Fifth Amendment right to counsel 
was not subject to being suppressed. The State must show that either any further statement was the
product of Appellant initiating the interrogation or that Appellant affirmatively waived his right to
counsel.

 The initial question is whether the statements made were the result of police interrogation. 
It is well established that a defendant's statement resulting from custodial interrogation cannot be
used against him after the defendant has claimed the privilege against self-incrimination or invoked
his right to consult with an attorney. Miranda, 384 U.S. at 444, 86 S. Ct. at 1612; U.S. Const.
amend. V, VI. However, a person may waive that protection by initiating conversation with police. 
The Supreme Court has held that:


 . . .after being advised of his Miranda rights, the accused may himself validly waive his rights and
respond to interrogation . . . . We further hold than an accused . . . , having expressed his desire to
deal with the police only through counsel, is not subject to further interrogation by the authorities until
counsel has been made available to him, unless the accused himself initiates further communication,
exchanges or conversations with the police.



Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S. Ct. 1880, 1884-85, 68 L. Ed. 2d 378 (1981);
Etheridge v. State, 903 S.W.2d 1, 18 (Tex. Crim. App. 1994). Custodial interrogation is defined as
"questioning initiated by law enforcement officers after a person has been taken into custody or
otherwise deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 444, 86
S. Ct. 1612. Further, "since the police surely cannot be held accountable for the unforeseeable
results of their words or actions, the definition of interrogation can extend only to words or actions
on the part of police officers that they should have known were reasonably likely to elicit an
incriminating response." Rhode Island v. Innis, 446 U.S. 291, 301-02, 100 S. Ct. 1682, 1690, 64
L. Ed. 2d 297 (1980).

 Reviewing the totality of circumstances, we first determine if Appellant invoked his right to
counsel. Smith v. Illinois, 469 U.S. 91, 95, 105 S. Ct. 490, 494, 83 L. Ed. 2d 488 (1984), Etheridge,
903 S.W.2d at 18. If it is found that Appellant invoked his right to counsel, his statements are
admissible only if he "(a) initiated further discussions with the police, and (b) knowingly and
intelligently waived the right he had invoked." Illinois, 469 U.S. at 95, 105 S. Ct. at 494; Smith v.
State, 779 S.W.2d 417, 426 (Tex. Crim. App. 1989). 

 Applying the law to the case before us, we initially note that the trial court found that, during
the initial detention and arrest, Appellant had invoked his right to an attorney, and therefore, the
court suppressed Appellant's statements made during that period. However, the trial court made the
following finding concerning the video of Appellant's transportation to jail:


 But this is not a case of the officer trying to initiate conversation. This is your client [Appellant] over
and over and over clearly initiating conversations. It's not a case where the officer is baiting the
defendant and I have had those which I have suppressed. And quite frankly it appears it is your client
baiting the officers there.


 A review of the twenty-three minute ride from the arrest site to the jail supports the trial
court's finding. Within three minutes of departing for the jail, Appellant began repeatedly hectoring
the transportation officer that, as he stated seventeen times in three minutes, he was not given a
roadside test to determine whether he was intoxicated, or, alternatively, asking if the transportation
officer had given him the test. Appellant then asked the officer if the officer thought he was a
criminal, and when the officer did not respond, demanded four times that the officer answer his
question. Ten minutes into the ride, Appellant asked the transportation officer why the arresting
officer had stopped him. He repeated the question ten times in the course of two minutes. The
officer chose not to answer, so Appellant asked him three times, "Can you say 'no comment'?", in
an attempt to interrogate the officer. Then he asked the officer four more times why he was stopped. 
When the officer replied "traffic violations," Appellant snapped, "Wrong answer." Then Appellant
asked five more times why was he stopped.

 Appellant then asked why the officer was "so hard on my [expletive]," and the officer
responded, "It appears to me you've had too much to drink." Appellant then repeated that he
received no field sobriety tests. Then he said, "I want to talk to my attorney because you have not
done one thing legal. I expect to be released as soon as I get to city hall." Then he asked the officer,
"I have not done one thing wrong, have I - you can't answer that can you?" After fourteen minutes
of questioning by Appellant, the officer finally responded by asking if he had been drinking, and
Appellant admitted he had drank three beers. The officer asked if he had been driving, to which
Appellant admitted that he had been. The officer responded, in succinct answer to Appellant's
incessant questioning, that it was "against the law to drink and drive. End of story." Then Appellant
stated three more times that he had not been given a sobriety test, then asked if the officer would give
him a sobriety test, to which the officer replied, "yes," he would give him a sobriety test. Appellant
replied that he would not take the test. Then he stated again that he had not done one thing wrong
and demanded that the officer respond. The officer quietly asked Appellant, "Can you be quiet?" 
Appellant continued to question the officer, curse the officer, and abuse the officer, finally asking,
"Is this the best thing you guys have to do?" The officer responded, "Yes, sir."

 Reviewing the totality of circumstances, it is clear the trial court did not abuse its discretion
in admitting the segment of video related to Appellant's transportation to jail. Appellant not only
initiated the conversation, he constantly interrogated the officer, demanding the officer answer his
questions. Any statements arising from the conversation between Appellant and the transportation
officer were clearly not the result of the officer's interrogation of Appellant, but a result of 
Appellant's initiating conversation with an officer who, not only did not engage in interrogation of
a reluctant prisoner, as envisioned in the Miranda requirements, but who tried to avoid conversing
with Appellant.

 Viewing the issues and the evidence as a whole, we cannot say the trial court erred in
admitting the portion of the videotape showing the interaction between Appellant and the
transportation officer. Therefore, we overrule Appellant's issue.

 Having found no reversible error, we affirm Appellant's conviction.


 SAM GRIFFITH 

 Justice



Opinion delivered February 13, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.





















(DO NOT PUBLISH)
1. Tex. Transp. Ann. Code Ann. § 724.015 (Vernon 1999).
2. Tex. R. App. P. 25.2(b)(3).